MATTIE LOU BAKER v. WALTER JOSEPH BAKER.

187 So. 273.

En Banc.

Opinion Filed March 7, 1939.

*Sam Bucklew, Jr.,* and *W. Frank Hobbs,* for Appellant; *Byron Butler* and *T. J. Swanson,* for Appellee.

PER CURIAM.—This appeal is from an order or decree in equity dated March 11, 1938, and recorded March 16, 1938. The entry of appeal was filed in the office of the Clerk of Circuit Court for Taylor County, Florida, on September 10, 1938, returnable to this Court on November 10, 1938. The entry of appeal was not recorded in the Chancery Order

Book until November 22, 1938, the latter date being more than six months after the record entry of the order or decree appealed from, which was on March 16, 1938. Sec. 4960 (2168) C. G. L. The transcript of the record was filed in this Court December 11, 1938, an extension of thirty days' time for filing such transcript having been granted by this Court on motion of counsel for appellants.

The appeal was dismissed by this Court on December 21, 1938, on the ground that the directions to the Clerk for making up the transcript of the record filed November 22, 1938, required the Clerk to begin making the transcript on December 6, 1938, the return day being November 10, 1938. The extension of time for filing the transcript in this Court does not change the return day of the appeal.

A rehearing was granted January 11, 1939, upon which it is made to appear that counsel for appellee filed additional directions to the Clerk and a cross assignment of error after the belated directions to the Clerk and assignment of error for the appellant had been filed with the Clerk of the Circuit Court. Because of which, counsel for the appellant contends appellee has waived the violation of the Special Rule 4 as to filing directions to the Clerk for making up transcripts of records in Chancery appeals.

The additional directions to the Clerk and the assignment of error filed for the appellee had relation to the failure to *record* the entry of appeal so as to give jurisdiction of the appellee in the cause to the appellate court, and there was no express waiver of the violation of Special Rule 4 and no express general appearance of the appellee in the cause, therefore the appellee did not waive or lose the right to move for dismissal of the appeal because Rule 4 was violated in not filing directions to the Clerk until after six months from the entry of the decree and after the return day of the appeal fixed by the entry of appeal under the statute. See Secs. 4618 (2908), 4965 (3173) C. G. L.

Even if the appeal was dismissed on a motion day without five days' notice to counsel for the appellant, such dismissal was inevitable under the statute and the Rules governing Chancery appeals, and no harm has resulted to the appellant who did not have the entry of appeal recorded until after the six months' limitation of time from the entry of the decree within which time jurisdiction of the appellee would be had by. the Supreme Court by the proper *record* of the entry of the appeal in the Chancery Order Book as is mandatorily required by the statute.

THE ORDER DISMISSING THE APPEAL WILL STAND.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.